SARAH J. GOELDNER, Appellant, v. T. L. GOELDNER, Appellee.

**Divorce:** CRUELTY.  A divorce should not be granted the wife on the ground of cruel and inhuman treatment, consisting mainly of bitter and hateful language, where it appeared that the wife was guilty of like conduct, and she failed to show that the cruelty complained of endangered her life.

**Same:** DISMISSAL OF FORMER ACTION: EFFECT.  Voluntary dismissal of an action for divorce and a return to the defendant will not bar the right to subsequently bring a similar action, nor prevent consideration in the later action of the entire life of the parties.

*Appeal from Keokuk District Court.*—HON. B. W. PRESTON, Judge.

FRIDAY, FEBRUARY 14, 1913.

THIS is an action for divorce on ground of cruel and inhuman treatment.  There was a judgment dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*F. L. Goeldner* and *H. F. Wagner,* for appellant.

*Hugo L. Goeldner* and *D. W. Hamilton,* for appellee.

EVANS, J.—The plaintiff is fifty-three years of age, and her husband is fifty-six.  They were married in 1886.  Two years later a daughter was born, and this is the only child of their marriage.  She is now married and appears in this record as Lola Smith; she and her husband both appearing as witnesses for the plaintiff.

1. DIVORCE: cruelty.

The petition charges cruel and inhuman treatment such as to endanger the life of the plaintiff. The evidence is voluminous, and covers the entire period of the married life of the parties. It is a story of unhappiness, continuous and intolerable. The cruelty charged consists mainly of language hard and hateful. If the case could be made to rest upon the wrongful conduct and bitter language of one party alone, either would be entitled to a divorce. Each party seems to have prodded the life of the other with a persistent controversy of speech. The harsh words of one have usually been reciprocal to that of the other, and it is difficult from this record to locate the first cause in any controversy. The parties have lived in the same house, but have not cohabited for many years; nor has the plaintiff cooked any meals for the defendant for some years. This state of affairs seems to have arisen out of no other reason than mutual antipathy. The plaintiff has shown abundant wrongful conduct on the part of her husband, but she has failed to show herself reasonably free from similar conduct on her own part. We refrain from going into the details of evidence. Some of it is quite unprintable and exceedingly repulsive. Some of its private disclosures were wholly unnecessary, and furnished no aid to either side, and ought to have been withheld from public gaze. The evidence also failed to show that the cruelty complained of has endangered the life of the plaintiff. It seems incredible that such conduct could be borne without destroying the health of both parties. The health of the defendant has suffered some deterioration for several years. It appears that the health of the plaintiff was poor in the earlier years of her married life, and this may account for much of her impatience and improper conduct. But in later years her health has constantly improved, and she appeared to enjoy, at the time of the trial, as good health and perhaps better than at any previous time.

The plaintiff brought a similar action in 1895. But she later dismissed the same and returned to her husband. Some

stress is laid upon this fact by the defendant. We do not deem

2. SAME: dis-
missal of for-
mer action:
effect.

such fact as of any particular weight against the plaintiff. It is in no sense discreditable to a wife to dismiss a divorce suit and accept reconciliation, even though she had proper ground for her action. She ought not for that reason alone to bear the ban of adverse presumption. We think the plaintiff herein is entitled to a consideration of the entire story of her married life, regardless of the dismissal of the former suit.

Giving, however, to such evidence the fullest consideration, we feel constrained to say that a decree of divorce cannot be granted under the provisions of our statute. This result has its harshness. If reconciliation be deemed impossible, the plaintiff must suffer most.

In obedience to the statute, however, we must deny her petition.

The judgment below therefore is *Affirmed.*

PRESTON, J., took no part.